```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

MICHAEL A. PERO, III,          :     Civil Action No. 10-3107 (JAP)

      Petitioner,           :

          v.                  :     **MEMORANDUM OPINION**

WARDENJOHN DUFFY, et al.,      :

      Respondents.          :

**APPEARANCES:**

Petitioner pro se
Michael A. Pero, III
Northern State Prison
P.O. Box 2300
Newark, NJ 07114

**PISANO**, District Judge

    This matter has come before the Court pursuant to Petitioner's filing of a Petition [2] for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

    On January 14, 2011, this Court entered its Order [3] directing Respondents to answer, a copy of which was served on Petitioner by the Clerk's office, by U.S. mail addressed to Petitioner at the address provided by him, at Northern State Prison in Newark, New Jersey.  That mail was returned [5] to the Clerk's Office on January 24, 2011, as undeliverable, with the notation that Petitioner was "Not Here."

    It appearing, pursuant to L.Civ.R. 10.1(a), that litigants have an affirmative duty to inform the Court of their street

address and to inform the Court of any changes in the same within five days;

And it further appearing that Petitioner has failed to comply with this basic requirement;

And it further appearing that the internet web site of the New Jersey Department of Corrections reflects that Petitioner was released from custody on November 18, 2010;

And it further appearing that any filing which fails to meet the requirements of L.Civ.R. 10.1(a) is subject to being struck by the Clerk;

And it further appearing pursuant to Rule 41(b) of the Federal Rules of Civil Procedure that this Court may dismiss an action for failure to prosecute or for failure to comply with Court rules;

And upon consideration of the factors by which this Court's discretion must be guided, see Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984), as well as the alternatives that are available to this Court;

And this Court concluding that dismissal, without prejudice, is the appropriate sanction for Petitioner's failure to apprise this Court of his current address, as no lesser sanction will suffice, because this Court does not know Petitioner's address. Cf., e.g., George v. District Attorney of Washington County, 2008 WL 1943428 (W.D. Pa. May 2, 2008); Thornton v. Estep, 209

Fed.Appx. 755, 2006 WL 3705038 (10th Cir. Dec. 18, 2006) (denying certificate of appealability to § 2254 habeas petitioner whose petition was dismissed for failure to prosecute after petitioner failed to inform court of new address); Tinoco v. Runnels, 2008 WL 2641351 (C.D. Cal. June 30, 2008); Colquitt v. Director, 2007 WL 2127244 (E.D. Tex. July 19, 2007); Dansby v. Albany County Corr. Facility Staff, No. 95-cv-1525, 1996 WL 172699, *1 (N.D.N.Y. Apr. 10, 1996) ("It is neither feasible nor legally required that the clerks of district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes.") (quoting Perkins v. King, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted))

    This Court finds that this Petition must be dismissed without prejudice for failure to prosecute.  An appropriate Order will be entered.

                                              /s/ JOEL A. PISANO
                                              Joel A. Pisano
                                              United States District Judge

Dated: February 1, 2011